UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10270-NMG

UNITED STATES OF AMERICA

v.

DERRICK L. JONES

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

October 8, 2004

COHEN, M.J.

After hearing,[1] the statutory presumptions notwithstanding, the government's oral motion for pretrial detention pending trial is denied, and the defendant's Motion for Release from Custody (# 06) is allowed, for the reason that this court finds and concludes that there are reasonable conditions of release - all of which are more fully

---

[1] The detention hearing was held on August 11, 2004.  At that time, the defendant proffered a third-party custodian as a proposal for release with other conditions.  It developed that the defendant could not live with that particular third-party custodian on account of lease restrictions.  This court accordingly entered a procedural order (# 05) deferring action on the matter of detention pending further action by the defendant.

On August 24, 2004, the defendant filed his Motion for Release from Custody (# 06).  As this court was about to prepare an order on that motion (and, indeed, a draft order was prepared for the review by Judith Oxford of Pretrial Services whose intervention was required to achieve the relief sought by the defendant), this court was advised by Ms. Oxford that the Coolidge House - the place to which the defendant sought release - would not be able to accept the defendant without further assessments as to suitability.  This court is advised that Ms. Oxford, with assistance from counsel for the defendant, obtained those necessary assessments.  On October 7, 2004, Ms. Oxford advised this court that the Coolidge House was now prepared to accept the defendant.

set forth below - which would reasonably assure this court that the defendant will appear as required, and that the defendant would not pose a further danger to the community.

To be sure, the evidence against the defendant in this child pornography case brought under the provisions of 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4)(B) is overwhelming. And it is clear to this court beyond peradventure on the current record before this court that the defendant engaged in the most violent of conduct[2] in that his actions caused and continues to cause (in this court's view) irreparable damage to the most vulnerable of our society - our minors. Indeed, if the issue before this court was an appropriate sentence after conviction, wholly apart from the mandatory minimum provided by the applicable statutes, and wholly apart from that which is appropriate under the Sentencing Guidelines,[3] this court would conclude, again based on the limited record currently before this court, that the statutory minimum of five years is but a floor for consideration.

But, of course, the question before this court is not the appropriate punishment. That is a matter which, in the scheme of things, must be left to the district judge to whom this case is ultimately assigned. The only question before this court is whether

---

[2]  Even apart from the definitional provisions of 18 U.S.C. § 3156.

[3]  This court is in no rush to declare the Sentencing Guidelines unconstitutional *in toto*, particularly in view of the fact that the Supreme Court of the United States has now heard oral argument addressing the issue decided in *Blakely v. Washington*, 75 CrL 308 (S.Ct. 2004) in the context of the **federal** Sentencing Guidelines as well as the question of severability. *See United States v. Booker*, __ F.3d __, 75 CrL 467 (7th Cir. 2004), *cert. granted*, No. 04-104, __ U.S.__, 75 CrL 2095 (August 2, 2004); *United States v. Fanfan*, (D.Me. June 28, 2004), *cert. before judgment granted*, No. 04-105, __ U.S. __, 75 CrL 2095 (August 2, 2004).

there are conditions of release[4] which would reasonably assure this court that the defendant would appear as required and that he would not pose a further danger to the community. And on that, this court concludes that the following conditions of release fit the bill.  Accordingly, it is ordered that the defendant be released - conditioned on the proviso that he is accepted at the Coolidge House[5] - on the following minimum conditions,[6] to wit:

1,  That the defendant shall sign an unsecured appearance bond in the amount of $250,000;

2.  That the defendant shall be confined at all times to the Coolidge House;[7]

3.  That, while so confined at the Coolidge House, the defendant shall not have access to, and shall not use, any computer or any other device of whatever name (*e.g.*, wireless PDA, etc.) capable of accessing the so-

---

[4]  The government's primary position on detention was and is based on the grounds that the defendant, if released on conditions, would pose a danger to the community.  There is nothing before this court which indicates, with or without the aid of the statutory presumptions, that the defendant, if released, would flee or otherwise make himself unavailable for further proceedings before this court.  Indeed, one the arguments advanced by the government in support of its continuing danger suggestion is that the defendant, after once having been caught (but not arrested or charged) engaging in the very same conduct, stayed put and continued that very same conduct.  That, of course, augers against a conclusion that the defendant, if released, and particularly if released on the conditions set forth below, would flee.

[5]  Lest there be any misunderstanding, the terms of this Memorandum and Order shall not be construed as compelling the Coolidge House to accept the defendant under any terms - much less the terms set forth below.  The defendant shall be released on the conditions set forth below if, and only if, (1) the Coolidge House determines, consistent with its own policies and procedures, that the defendant is otherwise a suitable candidate for admission to the programs of the Coolidge House; and (2) if the Coolidge House otherwise determines that the defendant is a suitable candidate for admission, then only if the Coolidge House is willing to accept the defendant on the restrictive conditions set forth below.

[6]  Lest there be any misunderstanding, the conditions set forth herein are the minimum <u>and</u> non-negotiable conditions.  Other standard conditions will be addressed at the release hearing.

[7]  We are aware, of course, that the primary mission of the Coolidge House is to reintegrate convicted offenders into the community, which includes release during the day in order to permit convicted offenders to gain and maintain employment.  In this case, however, the defendant shall not be permitted to leave the Coolidge House - he shall be confined to those premises at all times absent specific order of this court.

called Internet;[8]

4. That the defendant shall not, directly or indirectly, in person or by telephone or otherwise, contact, or attempt to contact, any witnesses, victims, or informants in this case, or any child under eighteen (18) years of age;

5. That the defendant shall execute an enforceable contract, in a form agreeable to the government, whereby the defendant agrees that his unsecured appearance bond referred to in Paragraph 1 above,

(a) **shall** be forfeited to the United States, not only for defendant's failure to appear as required, but also for any violation of Paragraphs 2 through 4 above, or for any commission of any criminal offense, and for any violation of the conditions set forth in subsections (iv), (v), (viii), and (ix) of Title 18, United States Code, Section 3142(c)(B).  See United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991); and

(b) may be forfeited to the United States, not only for defendant's failure to appear as required, but also for any other violation of the conditions of his release. See United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).[9]

This Order of Release is hereby ordered stayed until 10:00 a.m., Wednesday,

---

[8] This court is aware (as, we are sure, defense counsel is as well) that Pretrial Services, at the present time, continues to operate under the confines of a continuing budget resolution.  It goes without saying that placement in the Coolidge House is not without significant cost.  Accordingly, if, on account of the budget crisis and the length of the stay, Pretrial Services reports that continued placement of this defendant at the Coolidge House impacts on the primary mission of Pretrial Services, counsel for the defendant should be prepared to proffer another (expense-free) alternative with the equivalent of the same conditions set forth herein, since this court, upon such a report from Pretrial Services, would vacate this order of release.

[9] A release hearing shall be scheduled when we have been notified that all appropriate documents have been prepared, and that the Coolidge House has determined to accept the defendant for admission subject to the terms set forth above.

October 13, 2004.  Unless the government seeks reconsideration of this order by the district judge to whom this case is assigned <u>and</u> obtains a further stay of this order from the district judge to whom this case is assigned, the defendant shall be brought before this court on Wednesday, October 13, 2004, at 10:00 a.m., for a hearing on the conditions of release.[10]

 

_____
UNITED STATES MAGISTRATE JUDGE

---

[10]  We are advised that the Coolidge House cannot provide transportation to or from its residence. And it is settled, of course, that once a defendant is ordered released on conditions, the United States Marshal cannot provide that transportation.

This court is not prepared to permit the defendant to walk out of the courtroom to self-report to the Coolidge House.  Accordingly, as a condition of release, counsel for the defendant shall provide for reasonable (and reasonably secure) means to provide that transportation directly from the courthouse to the Coolidge House.